S. F. McKAY v. J. R. IRION.

(No. 3417.)

APPEAL from Gregg County.  Opinion by HURT, J.

MARTIN CASEY, counsel for appellant.

No counsel appeared for appellee.

§ 184. *Appeal by principal in replevin bond inures to benefit of sureties; liability of plaintiff for property taken under execution from justice's court after appeal of the cause; case stated.*  The appellant brought this suit in the county court to recover the value of certain property taken in execution.  The petition also sought a recovery of exemplary damages for the wrongful and malicious seizure of the property.  The county court sustained exceptions to the petition, and, the plaintiff declining to amend, the defendant had judgment.  Did the petition state a cause of action? is the question presented.  The allegations of the petition, in substance, are that Irion brought a suit in justice's court on a claim for money against one Mann, and made Williamson, Collier & Spence parties defendant.  He caused a writ of sequestration to be issued, and levied upon cotton claimed to be covered by a mortgage to secure his debt.  The cotton was in the hands of Williamson, Collier & Spence, and, when taken under the writ of sequestration, they executed a replevin bond and took control of the cotton.  Upon their replevin bond, the plaintiff, McKay, and one Reynolds were sureties.  That suit in the justice's court was prosecuted to a judgment in favor of Irion, the plaintiff therein, for the amount of his debt, and against Mann, Williamson, Collier & Spence, and also against the plaintiff in this suit, McKay, and Reynolds, as sureties on the replevin bond.  From this judgment of the justice's court Williamson, Collier & Spence perfected an appeal to the county court.  In the county court the cause was tried, and judgment rendered "that the

plaintiff, Irion, take nothing by his suit, and that defendants Williamson, Collier & Spence go hence without day, and that defendants recover costs." So standing that suit, it is alleged in the petition, further, that Irion caused an execution to be issued out of the justice's court in the case of Irion v. Mann et al. on the judgment therein rendered, against Mann, the plaintiff in the present suit, McKay, and Reynolds. Under this execution, and by virtue of it, the officer, by direction of Irion, took, seized and converted certain property of said McKay. And that the proceeds of such conversion and a sale of the property seized came into the hands of the said Irion, to the damage of plaintiff, etc. The facts here stated are pleaded with great nicety, particularity and precision. The pleading would fully meet the requirements of the common law. In addition, exhibits are attached which show each step in the litigation both in the justice's court and in the county court on appeal.

It is difficult to conjecture upon what ground the court below held the petition bad. That the appeal, by the principals in the replevin bond, and the judgment in their favor, inured to the benefit of McKay and Reynolds, sureties on such bond, and relieved them from any liability, though they may not have joined in the appeal, is too plain for argument. If the defendant, Irion, caused an execution to be issued on the judgment of the justice thus appealed from, and caused the same to be levied on the goods of McKay, he must answer for the value of the property. If the execution issued without any prompting from him, but he received the benefit of the proceeds of the illegal acts of the officers, he must answer to the plaintiff nevertheless. If the knowledge and conduct of Irion was such as to render him a party to the illegal acts of the officer, he must answer for such damages as the law allows in such cases beyond the value of the property converted.

December 19, 1890.          Reversed and remanded.